UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cr-00094-TWP-TAB-2 |
| ) | |
| JEREMY GIBSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS
COUNT 17 OF SUPERSEDING INDICTMENT**

This matter is before the Court on a Motion to Dismiss Count 17 of Superseding Indictment filed pursuant to Federal Rule of Criminal Procedure 12(b)(3) by Defendant Jeremy Gibson ("Gibson") (Filing No. 118).  Gibson was charged by Superseding Indictment on April 13, 2021. He has been charged in Count 2 and Count 15 with deprivation of rights under color of law, in violation of 18 U.S.C. § 242, and in Count 17 with false report, in violation of 18 U.S.C. § 1519. Gibson moves to dismiss Count 17 of the Superseding Indictment on the basis that there is no federal nexus to the local police report in which he is alleged to have made a false report.  For the following reasons, the Court **denies** the Motion to Dismiss.

### I.   LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to challenge the legal sufficiency of an indictment or information for lack of specificity or failure to state an offense, among other things.  Rule 12(b)(3)(B) provides an avenue for defendants to seek dismissal of the indictment or dismissal of specific criminal counts.

A defendant may move to dismiss an indictment if there is "a defect in the indictment," such as "charging the same offense in more than one count (multiplicity)," "lack of specificity," or "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B). "An indictment need not say much to be deemed sufficient." *United States v. Moore*, 563 F.3d 583, 585 (7th Cir. 2009). "[W]hen evaluating the sufficiency of an indictment, we focus on its allegations, which we accept as true." *Id.* at 586. "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *Id.* (citation and quotation marks omitted).

"Indictments are reviewed on a practical basis and in their entirety, rather than in a hypertechnical manner." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citation and quotation marks omitted). "[A]n indictment is legally sufficient if it (1) states all the elements of the crime charged, (2) adequately informs the defendant of the nature of the charges against him, and (3) allows the defendant to assert the judgment as a bar to future prosecutions of the same offense." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (citation omitted). In order to successfully challenge an indictment, a defendant must demonstrate that the indictment does not meet one or more of these requirements and that he will suffer prejudice as a result. *United States v. Dooley*, 578 F.3d 582, 590 (7th Cir. 2009).

"In setting forth the offense, it is generally acceptable for the indictment to 'track' the words of the statute itself, so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *Smith*, 230 F.3d at 305. "[W]hile there must be enough factual particulars so the defendant is aware of the specific conduct at issue, the presence or absence of any particular fact is not dispositive." *United States v. White*, 610 F.3d 956, 959 (7th Cir. 2010). "The test for validity is not whether the indictment could have been framed in a more

satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Hausmann*, 345 F.3d 952, 955 (7th Cir. 2003) (citation and quotation marks omitted).

## II.   DISCUSSION

Count 17 of the Superseding Indictment —false report false report in violation of 18 U.S.C. § 1519 ("Section 1519")—alleges that:

> Gibson wrote a narrative report as part of his Muncie Police Department Response to Resistance Form regarding the arrest of E.M.  That narrative report was false in that it: (1) implied that Gibson began to take E.M. to the ground because E.M. did not comply with a verbal command to get to the ground; (2) implied that Gibson used only a low level of force (*i.e.*, a mandibular angle pressure point) on E.M. towards the end of the incident; and (3) omitted that Gibson used knee strikes to E.M.'s facial and hear area towards the end of the incident.  The narrative report was false because, as Gibson then well knew: (1) Gibson began taking E.M. to the ground before any officer told E.M. to get to the ground; (2) Gibson used a high level of force (*i.e.*, knee strikes to the head) and did not only use a low level of force on E.M. towards the end of the incident; and (3) Gibson used knee strikes to E.M.'s facial and head area towards the end of the incident.

([Filing No. 64 at 13-14](#)).

Gibson argues that Count 17 should be dismissed because there is no federal nexus to the local police report in which he is alleged to have made a false report.  He contends there is nothing "federal" about the local "Response to Resistance" form that he authored, which details the Muncie Police Department's arrest of E.M. and which forms the basis for Count 17.  Indeed, there are no allegations that the report was written to impede a federal investigation or even that a federal investigation was reasonably contemplated by Gibson.  Thus, he asserts, there is no federal nexus to the local police report, and the charge must be dismissed. He contends that under the Government's theory, any allegation of a false report, no matter how local in nature, would subject someone to federal charges and prison even if there is no federal nexus to the defendant's conduct. ([Filing No. 118 at 2](#).)

Gibson acknowledges that the United States Supreme Court has not examined the federal nexus requirement of Section 1519, but it has done so with other obstruction statutes and has consistently held there must be a nexus between the act of obstructing justice and a federal investigation in order to provide a fair warning of the consequences under federal law. *Id*. In support of his argument, Gibson points to the cases of *Marinello v. United States*, 138 S. Ct. 1101 (U.S. 2018) (26 U.S.C. § 7212(a)); *Fowler v. United States*, 563 U.S. 668 (2011) (18 U.S.C. § 1512(a)(1)(C)); *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005) (18 U.S.C. § 1512(b)); and *United States v. Aguilar*, 515 U.S. 593 (1995) (18 U.S.C § 1503). *Id*. These Supreme Court cases, Gibson argues, have held in obstruction cases that the Government must show a nexus between the defendant's conduct and a particular federal proceeding, or at least that the defendant could reasonably foresee a federal proceeding being commenced. Without this required nexus, a broad statutory construction of Section 1519 would not provide the required notice to defendants that their conduct could subject them to federal criminal charges, and furthermore, the Supreme Court has cautioned against an expansion of federal jurisdiction into state matters.

Gibson contends,

> To hail Gibson into federal court and subject him to federal prison based on a local report that had nothing to do with the federal government and where the government has not even alleged the reasonable likelihood of a federal investigation is stretching our criminal law too far. Although other Circuits have not followed the Supreme Court guidance when analyzing Section 1519, the Seventh Circuit has not addressed this issue and is free to follow the Supreme Court's requirement that the obstruction statutes require a federal nexus.

(Filing No. 118 at 7–8 (internal footnote omitted).)

The Government responds that Section 1519 does not require a defendant's awareness of a federal investigation or even that a particular federal investigation be pending or contemplated at all. Instead, Section 1519 only requires that a defendant knowingly obstruct an investigation into

4

a subject matter that falls within federal jurisdiction. (Filing No. 124 at 2.) The Government asserts there is no question that the underlying conduct in this case—an allegation of excessive police force—falls squarely within federal jurisdiction. And Gibson's efforts to impede any investigation into that use of force is properly charged under Section 1519.

> The Government notes,
>
> Every federal appellate court that has been presented with this issue has squarely rejected the defendant's arguments and found that § 1519 does not impose any requirement of a "nexus" between the falsified records and a federal investigation. *See United States v. Scott*, 979 F.3d 986, 991 (2d Cir. 2020) (finding that the district court had properly instructed the jury that § 1519 did not impose a nexus requirement); *United States v. Moyer*, 674 F.3d 192, 209 (3rd Cir. 2012) (concluding that proof of a nexus between the defendant's conduct and a federal investigation is not required for a conviction under § 1519); *United States v. Kernell*, 667 F.3d 746, 754-55 (6th Cir. 2012) (declining to import a nexus requirement from other obstruction of justice statutes over to § 1519); *United States v. Yielding*, 657 F.3d 688, 712 (8th Cir. 2011) (concluding that a nexus requirement does not apply to a prosecution under § 1519); *United States v. Singh*, 979b F.3d 697, 719 (9th Cir. 2020) (rejecting the defendant's arguments regarding a nexus under §1519); *United States v. McQueen*, 727 F.3d 1144, 1151 (11th Cir. 2013) (rejecting the defendant's argument that § 1519 requires proof of intent to obstruct an actual or contemplated *federal* investigation (emphasis in original)).

(Filing No. 124 at 2–3.)

The Government argues that these appellate decisions have indicated that there is no requirement either that the investigation had already begun at the time of the obstruction or that the investigation was federal in nature. Instead, the Government must prove only that the matter that a defendant intended to impede falls within federal jurisdiction. Also, there is no requirement that the defendant knew that the matter was within federal jurisdiction. Therefore, false statements made in state or local reports are appropriately charged under Section 1519 when the underlying incident is within federal jurisdiction.

The Government contends that the cases upon which Gibson relies for his "federal nexus" argument are inapposite. In each of those cases, the Supreme Court addressed a federal nexus

required by completely different statutes, not Section 1519. Each of the cases rested on the Supreme Court's interpretation of specific statutory language that does not appear in Section 1519. *Id.* at 6. Because of this difference in the statutory language in Section 1519, appellate courts have declined to extend those Supreme Court decisions regarding a federal nexus to Section 1519 cases. *See Scott*, 979 F.3d 986; *Moyer*, 674 F.3d 192; *Kernell*, 667 F.3d 746; *Yielding*, 657 F.3d 688.

Pointing to the Sixth Circuit, the Government notes that "importing requirements from other obstruction of justice cases over to § 1519 is directly contrary to the legislative intent, as well as having no support in the text itself." *Kernell*, 667 F.3d at 754–55. The Government argues that "the legislative history of § 1519 shows that Congress designed the provision to be more expansive than earlier obstruction of justice statutes." *See Kernell* at 754.

> The Senate report accompanying the legislation that included what is now Section 1519 predicted and rebutted all of the defendant's arguments, explaining that "[t]his statute is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statutes, to tie the obstructive conduct to a pending or imminent proceeding or matter. . . . It is also meant to do away with the distinctions, which some courts have read into obstruction statutes, between court proceedings, investigations, regulatory or administrative proceedings (whether formal or not), and less formal government inquiries, regardless of their title. Destroying or falsifying documents to obstruct any of these types of matters or investigations, which in fact are proved to be within the jurisdiction of any federal agency are covered by this statute." S. Rep. No. 107-146, at 14-15 (2002), 2002 WL 863249 at *14-15 (footnotes omitted).

(Filing No. 124 at 6–7 n.2.)

The Government also argues that Gibson's argument for dismissal is based upon the wrong standard. It asserts that Gibson's argument focuses on the sufficiency of the evidence to obtain a conviction, but such is not the correct standard for a motion to dismiss. A motion to dismiss must be based on an allegation that there is some defect in the indictment; it is not a means of testing the strength or weakness of the Government's case or the sufficiency of the Government's evidence.

The Government contends that the Superseding Indictment sufficiently pleads the charge of false report, so dismissal is not warranted.

In reply, Gibson argues that a federal nexus is required for obstruction charges. He contends,

> [T]hese other Circuits are wrong, as the Supreme Court has said numerous times in the context of other obstruction statutes. Because the Seventh Circuit has yet to analyze the federal nexus requirement of § 1519, this Court is free to rule in line with the Supreme Court instead of the other Circuits.

([Filing No. 125 at 1](#).)  He reiterates that the Supreme Court has cautioned against an expansion of federal jurisdiction into state matters, and Section 1519 should be narrowly construed.

The Court is not persuaded by Gibson's arguments, and the Government's position is well-taken.  The Supreme Court decisions upon which Gibson relies each involved obstruction statutes that are not Section 1519 and that contain different language. The appellate courts that have considered Section 1519 in relation to the Supreme Court's other decisions have rejected applying those other statutes and decisions to Section 1519 cases.  This is consistent with the language of the statute and the legislative history of Section 1519, which explicitly stated Section 1519 "is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statutes, to tie the obstructive conduct to a pending or imminent proceeding or matter." S. Rep. No. 107-146, at 14–15 (2002), 2002 WL 863249 at *14–15.  And "the legislative history of § 1519 shows that Congress designed the provision to be more expansive than earlier obstruction of justice statutes." *Kernell*, 667 F.3d at 754.

More fundamental to the Motion before the Court, Count 17 of the Superseding Indictment tracks the wording of Section 1519 itself, setting forth all the elements necessary to constitute the offense intended to be punished, and it provides enough factual particulars so that Gibson is aware of the specific conduct at issue.  It includes "a plain, concise, and definite written statement of the

essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). This is enough for the charge to survive a motion to dismiss, and therefore, Gibson's Motion is **denied**.

### III.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Jeremy Gibson's Motion to Dismiss Count 17 of Superseding Indictment, ([Filing No. 118](#)), and the charge of false report remains pending against Defendant Gibson.

**SO ORDERED.**

Date:   10/18/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David Oscar Markus
MARKUS/MOSS PLLC
dmarkus@markuslaw.com

Katherine Gray DeVar
U.S. DEPARTMENT OF JUSTICE
katherine.devar@usdoj.gov

Mary J. Hahn
U.S. DEPARTMENT OF JUSTICE
mary.hahn@usdoj.gov

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE
nick.linder@usdoj.gov